```
                     UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

VERMONT PROTECTION & ADVOCACY,      :
INC.                                :
                                    :
     Plaintiff,                     :
                                    :
          v.                        :    Case No. 2:04-CV-245
                                    :
VERMONT DEPARTMENT OF CORRECTIONS   :
and ROBERT HOFMANN, Commissioner,   :
in his Official Capacity,           :
                                    :
     Defendants,                    :
```

## ORDER

Plaintiff Vermont Protection and Advocacy, Inc. ("VPA") has filed a Motion for Deposition (Doc. 34). VPA asks the Court to Order that Defendant Commissioner Hofmann and Deputy Commissioner Janice Ryan be made available for oral deposition pursuant to Federal Rule of Civil Procedure 30. In response, Defendants Robert Hofmann and the Vermont Department of Corrections (collectively "DOC") oppose this motion and have filed a cross-motion for a protective order (Doc. 45). The DOC asks the Court to issue a protective order prohibiting the depositions of Hofmann and Ryan. The parties have scheduled these depositions for April 25, 2005, pending the resolution of these motions. For the reasons set forth below, VPA's motion is granted and the DOC's cross-motion is denied.

The DOC argues that Hofmann and Ryan are immune from oral deposition as high-level executive officers. The DOC claims that

before VPA is entitled to depose these officials, VPA must show that the officials have particularized knowledge relevant to the lawsuit.  The DOC cites Marisol v. Guiliani, No. 95 CIV. 10533, 1998 WL 132810 (S.D.N.Y. Mar. 23, 1998) and Wirtz v. Local 30, International Union of Operating Engineers, 34 F.R.D. 13 (S.D.N.Y. 1963) in support of its position.

The DOC is correct that high-level government officials enjoy limited immunity from depositions.  A review of the case law shows that the beneficiaries of this immunity are usually the heads of very large organizations such as federal cabinet-level departments.  See Marisol, 1998 WL 132810 (Mayor of New York City); Capitol Vending Co. v. Baker, 36 F.R.D. 45, 46 (D.D.C. 1964) (Administrator of the National Aeronautics and Space Administration); Wirtz, 34 F.R.D. at 14 (Secretary of Labor); but see Church of Scientology of Boston v. I.R.S., 138 F.R.D. 9, 12-13 (D. Mass. 1990) (prohibiting deposition of Director of Exempt Organizations Technical Division, National Office of the I.R.S.).  The policies behind the limited immunity for high-ranking officials apply with less force for officials in smaller state departments such as the DOC.  See Resolution Trust Corp. v. Diamond, 137 F.R.D. 634, 645 (S.D.N.Y. 1991).  Nevertheless, the Court has a responsibility to ensure that discovery is not unduly burdensome for government officials.  Fed. R. Civ. Pro. 26(c).  Accordingly, the Court must consider the DOC's claim that the

depositions of Hofmann and Ryan are unnecessary.

The DOC argues that, as he was not in office when this lawsuit was filed, "Commissioner Hofmann . . . has no personal knowledge of the cases, events or official policies or implementation of those policies that could have prompted it." Def's Opp. at 6 (Doc. 45).  This is a puzzling argument.  In earlier filings, the DOC suggested that the Court should prohibit all discovery regarding earlier policies or events because such discovery would be irrelevant to the DOC's future policies.  Now, the DOC argues that VPA should be prevented from deposing Hofmann because he has no knowledge of these same prior policies and events.  The DOC cannot have it both ways.  In fact, the DOC is incorrect on both counts.  VPA may conduct discovery regarding prior cases[1] *and* discovery regarding the DOC's prospective policies.  Thus, it may depose Hofmann if he has personal knowledge regarding the DOC's review and revision of its policies.

The DOC's own filings show that VPA should have an opportunity to depose Hofmann and Ryan.  As the DOC has noted, VPA is seeking prospective injunctive relief.  Thus, the main focus of this lawsuit is the DOC's current and future policies

---

[1]The Court has previously ruled that, even if the DOC's policies are about to change, evidence regarding prior events might be relevant to the DOC's ability and willingness to successfully implement its new policies.

regarding mentally ill inmates who self-harm. It is clear that high-ranking officials within the DOC are taking a direct role in the development and implementation of these policies. For example, as recently as March 21, 2005, Commissioner Hofmann circulated a memorandum explaining changes to the DOC's policy regarding disciplinary violations for self-mutilation. Memorandum from Robert Hofmann (Doc. 32, Ex. E). The DOC has repeatedly represented that it is reviewing and revising its policies. See e.g., Mot. To Extend Disc. Deadline By 30 Days (Doc. 32). Given the obvious relevance of this process, and the personal involvement of high-level officials within the DOC, VPA should be permitted to depose these officials. See Atlanta Journal and Constitution v. City of Atlanta Dept. of Aviation, 175 F.R.D. 347, 348 (N.D. Ga. 1997).

For the foregoing reasons, VPA's Motion for Deposition (Doc. 34) is GRANTED. The DOC's Cross-Motion for Protective Order (Doc. 45) is DENIED.

Dated at Burlington, Vermont this 22nd day of April, 2005.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge